J-S10012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM ROBINSON | : | |
| | : | |
| Appellant | : | No. 2059 EDA 2021 |

Appeal from the PCRA Order Entered December 12, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1200171-2005

BEFORE: PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED MAY 17, 2023**

Kareem Robinson appeals the Philadelphia County Court of Common Pleas' order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. Robinson maintains the PCRA court erred by concluding his trial counsel was not ineffective for failing to object to the prosecutor's statement during closing arguments that Robinson's claim that he shot and killed Anthony Murray in self-defense was "a joke." We disagree, and therefore affirm.

Robinson's cousin, Tarik Robinson ("Tarik"), lived in a second floor apartment above Murray, who lived in an apartment on the first floor of the same house. The two had a history of fighting, and Tarik and Murray got into such an argument on September 1, 2005. Tarik called his brother, Charles Robinson (a/k/a Deshaun Smith and referred to hereinafter as "Smith"), who

arrived at Tarik's residence with Robinson and Shaun Adams. When Tarik went downstairs to let Robinson, Smith and Adams into the residence, Murray once again began having words with Tarik from inside his apartment. Tarik, Robinson, Smith and Adams were in the hallway outside of Murray's apartment when:

> [Robinson], who had positioned himself behind [Tarik], reached over [Tarik's] shoulder, aimed a semi-automatic handgun at [Murray], and fired five times, hitting [Murray] in the eye, shoulder, thigh, belly button, and back. [Murray] fell to the ground. [Tarik] and his girlfriend, [Shaz] Morris, stepped over [Murray's] body and left the building. Smith and Robinson followed. Adams shot [Murray] in the back of the head with a shotgun, and then ran out of the building.

PCRA Court Opinion, 6/30/2022, at 2.

Police arrived on the scene, and found, under Murray's shirt, a firearm in a holster clipped to Murray's belt. Tarik and Morris implicated Robinson and Adams in the shooting in statements given to the police. Robinson and Adams were eventually charged with murder, and were tried together before a jury.

At trial, the medical examiner, Dr. Edwin Lieberman, testified that Murray had sustained a total of five separate gunshot wounds, along with one shotgun wound to the head. *See* N.T., 10/5/2006, at 54. The doctor first testified about the gunshot wound to Murray's eye, which had traversed Murray's eye and brain. He opined Murray had been shot in the eye from six inches to no more than three feet away. *See id.* at 56. Dr. Lieberman based this conclusion on the fact that the wound "no longer had the presence of soot," but still had the presence of "stippling," which Dr. Lieberman described

as "the tattooing from the burning particles of gunpowder striking the skin." *Id.* According to Dr. Lieberman, the gunshot to Murray's eye would have been sufficient to kill Murray. *See id.* at 65. Likewise, Dr. Lieberman stated that the gunshot to Murray's back would have, by itself, been fatal to Murray. *See id.* at 66.

Robinson's defense was that he shot Murray in self-defense. Nonetheless, the jury convicted Robinson of first-degree murder, possessing an instrument of crime and criminal conspiracy. The court sentenced Robinson to, *inter alia*, life in prison for the first-degree murder conviction.

Robinson filed a direct appeal, raising both a sufficiency and a weight claim. This Court rejected both as meritless. Robinson also raised a claim that the Commonwealth had committed prosecutorial misconduct by calling his self-defense claim "a joke" during closing argument, but this Court found the claim waived given that Robinson had not objected to the statement at trial. *See Commonwealth v. Robinson*, 106 EDA 2007, at 18 (Pa Super. filed January 8, 2008) (unpublished memorandum). This Court therefore affirmed Robinson's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal.

Robinson filed a timely PCRA petition, alleging counsel was ineffective for failing to object to the prosecutor's reference to Robinson's self-defense claim as "a joke". The PCRA court denied the petition on the basis that it lacked

merit. After Robinson's appellate rights were reinstated *nunc pro tunc*, he filed a notice of appeal from the PCRA court's order.

Robinson complied with the PCRA court's directive to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. In the statement, Robinson alleged the PCRA court erred by finding counsel was not ineffective for failing to object to the prosecutor's statement during closing argument. In its responsive opinion, the PCRA court found Robinson's ineffectiveness claim was waived for lack of development and, in any event, lacked merit as Robinson had not established he had been prejudiced by the prosecutor's comment because this Court found on direct appeal that the jury's verdict indicated it had rejected Robinson's self-defense claim. Robinson now challenges the PCRA court's determination that counsel was not ineffective for failing to object to the prosecutor's closing remark.

Our review of an order dismissing a PCRA petition is limited to examining whether the PCRA court's determinations are supported by the record and the court's decision is free of legal error. **See Commonwealth v. Shaw**, 217 A.3d 265, 269 (Pa. Super. 2019). Although we give great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record, we apply a *de novo* standard of review to the PCRA court's legal conclusions. **See Commonwealth v. Benner,** 147 A.3d 915, 919 (Pa. Super. 2016).

As noted above, Robinson raises a singular claim of counsel's ineffectiveness on appeal. Counsel is presumed to have been effective. *See Commonwealth v. Brooks*, 839 A.2d 245, 248 (Pa. 2003). In order to overcome that presumption and prevail on a claim of ineffectiveness, Robinson must establish that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for their conduct; and (3) he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that because of the act or omission in question, the outcome of the proceeding would have been different. *See id.* As is true for all petitioners, Robinson's "failure to prove any one of the three prongs results in the failure of [his] claim." *Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa. Super. 2011) (citation omitted).

Robinson claims counsel was ineffective for failing to object to the prosecutor's reference to his self-defense claim as "a joke" during his closing argument. This claim lacks arguable merit, and therefore fails.

A prosecutor's comments constitute reversible error only "where their unavoidable effect is to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant such that [the jury] could not weigh the evidence objectively and render a fair verdict." *Commonwealth v. Tedford*, 960 A.2d 1, 33 (Pa. 2008) (citation omitted). A prosecutor is permitted to respond in his closing argument to arguments made by the defense in their closing. *See id.* In fact, "any allegedly improper prosecutorial comments must

[ ] be examined within the context of the conduct of defense counsel. If a challenged remark is made in response to the defense's closing argument, it will generally be deemed fair response and hence permissible comment." ***Commonwealth v. Abu-Jamal***, 720 A.2d 79, 110 (Pa. 1998) (citation omitted).

The Commonwealth argues that, when placed in context, it becomes clear that the prosecutor's reference to Robinson's self-defense claim as "a joke" was merely a fair response to defense counsel's closing argument. As even Robinson readily acknowledges, self-defense was "central" to his defense at trial and this was "evident" during his counsel's closing argument. Appellant's Brief at 20. To be sure, defense counsel repeatedly argued during closing that Murray was the "provocateur" and "provoked the situation." ***See*** N.T., 10/5/2006, at 226-227. He described Murray as "angry," "aggressive," "ready for action" and "provocative." ***Id.*** at 224, 225-228. Counsel also asserted Robinson believed Murray was reaching for his firearm, and this justified Robinson's shooting of Murray, regardless of how many times Murray was shot. ***See id.*** at 230.

In turn, the prosecutor addressed the claim of self-defense in his closing as follows:

> All right, [Murray] is in the doorway. Maybe he is mouthing off. Maybe he is acting tough. Is that enough to get shot five times and once with a shotgun? Self-defense, is that a joke? That is a joke. Did you hear the [medical examiner]? Did you hear what he said? Stippling. Do you know how close that gun had to be? Six inches to 3 feet away. Reaching, reaching for what? The gun is in

[Murray's] waistband. It never moved. He gets shot in the eye from 6 inches to 3 feet away.

*Id.* at 262.

Given this context, the Commonwealth argues, the prosecutor's remark that Robinson's self-defense claim was "a joke" was a fair response to defense counsel's argument in his closing that Robinson had acted in self-defense. We agree. *See Commonwealth v. Thompson*, 660 A.2d 68, 74 (Pa. Super. 1995) (concluding that the prosecutor's comment that the jury should be insulted by the defense strategy was a fair response to defense counsel's arguments). We therefore also agree with the Commonwealth that the remark challenged by Robinson was not improper.

Robinson does not address the responsive nature of the prosecutor's comment to defense counsel's argument regarding self-defense in his closing. Instead, Robinson asserts the prosecutor's statement was improper as it expressed a "personal belief and opinion as to the truth or falsity of evidence of [Robinson's] guilt." Appellant's Brief at 19.

Even if we were to credit Robinson's argument, and reject the Commonwealth's, Robinson still would not be entitled to relief. This is because he has not demonstrated, as he must, how the prosecutor's brief statement that Robinson's claim of self-defense was "a joke" had the effect of prejudicing the jury to such an extent that they could no longer objectively weigh the evidence and render a fair verdict. *See Tedford*, 960 A.2d at 33 (Pa. 2008). We note this is especially true given that the court specifically and repeatedly

instructed the jury that counsel's arguments did not constitute evidence and it was the jurors who were the ones tasked with assessing the credibility of the evidence. **See** N.T., 10/4/2006, at 19, 21, 24, 29; N.T., 10/6/2006, at 5; **Thompson**, 660 A.2d at 76 (stating that any prejudicial impact of the prosecutor's closing remarks were cured by the trial court's instructions that counsel's closing arguments were not evidence, as the jury is presumed to follow the court's instructions). As Robinson's only issue on appeal lacks merit, we affirm the PCRA court's order denying his PCRA petition.[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2023

---

[1] To the extent our legal reasoning differs from that of the PCRA court, we note that we may affirm a PCRA court's order on any legal basis. **See Commonwealth v. Parker**, 249 A.3d 590, 595 (Pa. Super. 2021).