J-S10033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD A. BROADUS | : | |
| | : | |
| Appellant | : | No. 8 WDA 2023 |

Appeal from the PCRA Order Entered November 29, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0011050-2010

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED: June 7, 2024**

Richard A. Broadus ("Broadus") appeals from the order dismissing his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Because Broadus is no longer serving a sentence for the underlying conviction, he is not eligible for PCRA relief.  Accordingly, we affirm the order dismissing his petition.

Following a non-jury trial in November 2011, the trial court found Broadus guilty of one count each of possession with intent to deliver a controlled substance, possession of a controlled substance, possession of marijuana, duties at stop signs, and driving an unregistered vehicle.  On November 30, 2011, the trial court sentenced him to five to ten years' imprisonment, to be served concurrently with ten years' probation.  Broadus filed a timely, counseled notice of appeal.  On March 19, 2012, however, this

_____

[1] **_See_** 42 Pa.C.S.A. §§ 9541-9546.

Court dismissed the appeal for failure to file a docketing statement. **See** Pa.R.A.P. 3517 (stating a docketing statement must be filed within ten days of filing a notice of appeal to the Superior Court).

Broadus timely filed his first PCRA petition in March 2013, and the PCRA court dismissed it. This Court affirmed the dismissal order. **See** **Commonwealth v. Broadus**, 105 A.3d 803 (Pa. Super. 2014) (unpublished memorandum). He filed his second PCRA petition in May 2015, and the PCRA court dismissed it as untimely filed.

Broadus filed the instant *pro se* petition on October 23, 2020,[2] and the PCRA court appointed counsel, Diana Stavroulakis, Esquire ("PCRA Counsel"). Broadus then filed a *pro se* PCRA motion on January 7, 2022. The PCRA court acknowledged it was a *pro se* filing,[3] and entered an order to dismiss it on April 19, 2022, finding it lacked jurisdiction because Broadus had completed serving his sentence. **See** Memorandum Opinion and Order, 4/19/22, at 2-3; **see also** 42 Pa.C.S.A. § 9542 (discussed **infra**).

On August 31, 2022, PCRA Counsel filed an amended PCRA petition ("Amended Petition"), which referenced the initial *pro se* petition filed in

_____

[2] Although Broadus' *pro se* petition was docketed on October 28, 2020, it was subject to the prisoner mailbox rule. Thus, we deem it was filed on October 23, 2020, "the date of the prison postmark or the date [it] was delivered to the prison authorities for purposes of mailing." Pa.R.A.P. 121(f).

[3] As Broadus was represented by PCRA counsel at the time he filed the January 2022 PCRA motion, he engaged in hybrid representation, which is disallowed by our courts. **See** 210 Pa. Code § 65.24; **see also** Pa.R.Crim.P. 576(a)(4). Thus, the court clerk should not have accepted Broadus' motion for filing, but instead, noted it on the docket and forwarded it to PCRA counsel. **Id**.

October 2020, but made no mention of the *pro se* January 2022 motion, nor the subsequent April 2022 order to dismiss.[4]  Consequently, the Amended Petition did not address the PCRA court's prior finding that Broadus was no longer serving a sentence.  Instead, the petition alleged that Broadus' counsel at trial and on direct appeal, Eric Jobe, Esquire ("Trial Counsel"), was ineffective due to his failure to file a docketing statement, causing Broadus' direct appeal to be dismissed.  ***See*** Amended Petition, 8/31/22, at 9.  Broadus further argued that he met the newly-discovered fact exception to the PCRA's one-year time bar because he only recently discovered that in "2016," Trial Counsel was disciplined and issued a public reprimand by the Disciplinary Board of the Pennsylvania Supreme Court for failure to take action on another client's case.  ***Id***.  Broadus also highlighted that this disciplinary order acknowledged another reprimand given to Trial Counsel in 2017 for similar conduct.[5]  ***See id***.  Broadus maintained that he "exercised diligence, and . . . filed [the instant petition] in a timely manner" because he began serving his sentence in 2013, and "did not have access to documentary evidence until just prior to file [*sic*] his 2020 PCRA petition."  ***Id***.

_____

[4] A review of the trial docket shows that the order to dismiss was served on PCRA Counsel.

[5] PCRA Counsel did not attach a copy of this supposed 2016 reprimand order to the Amended Petition.  Our review of the Supreme Court's Disciplinary Board website reveals that Trial Counsel was publicly reprimanded on March 26, 2018, for misconduct that occurred in 2016.  ***See Office of Disciplinary Counsel v. Jobe***, 31 DB 2018 (Pa. 2018).  This order did acknowledge, however, a prior record of discipline that was imposed on Trial Counsel in 2017 for similar misconduct.

The PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the Amended Petition without a hearing.  The court rejected Broadus' reliance on the newly-discovered fact exception, finding that "the underlying facts were known to . . . Broadus way earlier than he claim[ed]."  Notice of Intent to Dismiss, 11/2/22, at 1-2.  Thus, the PCRA court concluded the Amended Petition was untimely filed.  *See id*. at 2.  The court dismissed the petition on December 7, 2022.  We note the court did not refer to its prior finding that Broadus was no longer serving a sentence.  This timely appeal followed.  The PCRA court did not require Broadus to file a Pa.R.A.P. 1925(b) concise statement, and he did not do so.

Broadus raises the following issue for our review: "The PCRA Court erred in dismissing the petition as time barred because Broadus's [*sic*] case falls within an exception to the timeliness provision of the [PCRA]."  Broadus' Brief at 5.

Before we address the issue raised by Broadus on appeal, we must first determine whether he is eligible for relief under the PCRA.  The relevant requirements for PCRA eligibility in the instant case are as follows:

> **(a) General rule.**—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
> >
> > > (i) currently serving a sentence of imprisonment, probation or parole for the crime[.]

42 Pa.C.S.A. § 9543(a)(1)(i).

We reiterate that on November 30, 2011, Broadus received a sentence of five to ten years' imprisonment to be served concurrently with ten years' probation. In light of the PCRA court's earlier, April 19, 2022 opinion and order to dismiss, indicating that Broadus had completed serving his sentence, we directed the court, and invited the parties, to advise as to whether Broadus is still serving the underlying sentence. The trial court and the Commonwealth have both confirmed that Broadus completed this sentence on March 13, 2023. PCRA Counsel has not responded, and therefore has not disputed that Broadus is no longer serving the sentence.

Consequently, because Broadus is no longer serving the sentence associated with the instant petition, we conclude that he is ineligible for PCRA relief. *See* 42 Pa.C.S.A. § 9543(a)(1)(i); *see also Commonwealth v. Plunkett*, 151 A.3d 1108, 1112-13 (Pa. Super. 2016) (holding a petitioner becomes ineligible for PCRA relief once he is no longer serving his sentence, regardless of whether he was serving it when the petition was filed, or he was in the midst of appealing a PCRA court order).

Thus, we affirm the dismissal of Broadus' instant PCRA petition, albeit on different grounds. *See Commonwealth v. Parker*, 249 A.3d 590, 595 (Pa. Super. 2021) (stating we may affirm a PCRA court's order on any legal basis supported by the certified record).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/07/2024