J-S56007-20

2021 PA Super 61

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                   PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
ALTON M. PARKER : No. 395 EDA 2019

Appeal from the PCRA Order Entered January 30, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008355-2011

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

OPINION BY BENDER, P.J.E.:                              Filed: April 8, 2021

The Commonwealth appeals from the order granting Appellee's, Alton

M. Parker, petition filed pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S. §§ 9541-9546.  The Commonwealth contends that the PCRA court

erred by granting relief based on the retroactive application of ***Birchfield v.***

***North Dakota*** 136 S.Ct. 2160 (2016).  After careful review, we vacate the

order granting Appellee's petition and remand for further proceedings.

On May 7, 2011, Appellee drove his vehicle the wrong way down a street

that had been closed off for a block party.  PCRA Court Opinion ("PCO"),

8/10/20, at 5.  Partygoers screamed at Appellee as he crashed through tables

and chairs set out in the street.  ***Id.***  "Appellee, driving at a rate of between

twenty (20) and forty-five (45) mph, ignored them and threw a can of beer

_____

[*] Retired Senior Judge assigned to the Superior Court.

out of his car window, as he held a hatchet in his left hand." *Id*. He then struck two inflatable playhouses with children inside. *Id.* at 6. An off-duty police officer came upon the scene in his truck and, joined by the father of the girl whose birthday was being celebrated, pursued Appellee in the officer's truck. *Id.* at 7. They caught up to Appellee's vehicle and pulled up beside him in an attempt to get him to stop. *Id.* Appellee attempted to escape, clipping the vehicle in front of him, but then he immediately drove his vehicle into a wall at a speed of approximately 30 m.p.h. *Id.* The father jumped out of the off-duty officer's truck and attempted to remove Appellee from his vehicle. *Id.* Appellee swung his hatchet at the father, narrowly missing him. *Id.* As this occurred, the off-duty officer used his truck to block Appellee's vehicle from behind, preventing his attempt to reverse away from the wall. *Id.* The off-duty officer called 911, and then exited the truck, identified himself as a police officer, and drew his firearm on Appellee as Appellee continued to swing the hatchet wildly through the driver's side window. *Id.* The off-duty officer kept a safe distance until more police responded to the scene. Responding officers were ultimately able to arrest Appellee after he unsuccessfully tried to strike one of them with the hatchet. *Id.* at 7-8.

At the time of his arrest, "Appellee was unable to walk under his own power and was completely incoherent. His eyes were bloodshot and his appearance generally was disheveled; his boots were mismatched. He [also] smelled strongly of PCP." *Id.* at 8 (citations omitted). Several victims

escaped Appellee's rampage with numerous injuries that were not life-threatening. *Id.* at 9. However, one nine-year-old child

> was admitted to the hospital with a right epidural hematoma, a liver laceration, a right shoulder fracture, broken fingers, [a] fractured pelvis, a spine injury, and multiple broken ribs. He was referred for plastic surgery on his scalp, face, and knee. He could not bear weight on his legs initially and spent ten days in a rehab center. He was in St. Christopher's Hospital for a month before being moved to a rehabilitation center and wore a neck brace for three months. He underwent an extensive rehabilitation period: he could not walk for a month and remained in a wheelchair, then required crutches, and finally a walking stick. After his release, he limped for six months.

*Id.* (citations omitted).

Appellee was taken to the hospital for a blood draw following his arrest, and the toxicology report ultimately identified the presence of PCP in his system. *Id.* at 8-9. "The amount of PCP in Appellee's blood was consistent with recent, active use in a dosage consistent with and capable of producing adverse psychoactive effects." *Id.* at 9. At trial, Appellee testified that he suffered from repeated heart attacks and strokes due to a structural arterial disease. *Id.* at 10. He claimed that his condition caused him to have a mini-stroke on the day of the incident, causing him to have little recollection of what had occurred. *Id.* Appellee admitted to consuming PCP, but asserted that he had only done so three days before the incident. *Id.*

A non-jury trial began on May 7, 2013, after which the trial court found Appellee guilty of aggravated assault, simple assault, possessing instruments of crime, recklessly endangering another person, criminal mischief,

aggravated assault by vehicle while driving under the influence, accidents involving death or personal injury, and driving under the influence—controlled substances.[1]   On August 20, 2013, the court sentenced Appellee to an aggregate term of 18-36 years' incarceration.   After having his appeal dismissed due to appellate counsel's failure to file a brief, Appellee filed a petition seeking reinstatement of his direct appeal rights *nunc pro tunc*.  The lower court granted that petition on July 9, 2014.   This Court ultimately affirmed Appellee's judgment of sentence on September 9, 2015, and he did not seek further review with our Supreme Court.  ***Commonwealth v. Parker***, 133 A.3d 65 (Pa. Super. 2015).

Appellee filed *pro se* PCRA petitions on August 10, 2015,[2] and December 22, 2015, and the PCRA court appointed counsel to represent him.   PCRA counsel filed an amended petition on Appellee's behalf on November 14, 2016, and a supplement thereto on June 28, 2017.  On January 30, 2019, the PCRA court granted the petition.[3]

The Commonwealth filed a timely, court-ordered Pa.R.A.P. 1925(b) statement, and the PCRA court issued its Rule 1925(a) opinion on August 10,

_____

[1] 18 Pa.C.S. §§ 2702, 2701, 907, 2705, 3304(a)(1), and 75 Pa.C.S. §§ 3735.1, 3742, 3802(d)(1), respectively.

[2] This petition was premature, as our Court had yet to decide Appellee's *nunc pro tunc* direct appeal.

[3] The order under review does not appear in the certified record.   However, the lower court's docket contains an entry on January 30, 2019, stating, "Order Granting PCRA Petition - Sentence Vacated, New Trial Ordered." Docket Entry 344, 1/30/19.

2020. The Commonwealth now presents the following questions for our review:

> I. Did the lower court err by granting post-conviction relief by erroneously applying the *Birchfield* decision retroactively on collateral review?
>
> II. Did [Appellee] fail to demonstrate the ineffective assistance of counsel?
>
> III. Is it in the interest of judicial economy to deny PCRA relief without remanding?

Commonwealth's Brief at 4.

> Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Barndt*, 74 A.3d 185, 191–92 (Pa. Super. 2013) (cleaned up).

As to the Commonwealth's first issue, both parties and the PCRA court now agree that the court erred by granting relief pursuant to *Birchfield*. "[T]he *Birchfield* Court held, *inter alia*, that a state may not impose criminal penalties on the refusal to submit to a warrantless blood test." *Commonwealth v. Olson*, 218 A.3d 863, 866 (Pa. 2019) (cleaned up), *cert. denied*, **Olson v. Pennsylvania**, 141 S.Ct. 87 (2020). In *Olson*, our Supreme Court held that "*Birchfield* does not apply retroactively on post-conviction collateral review." *Olson*, 218 A.3d at 875. *Birchfield* was decided on June 23, 2016, after Appellee had initiated PCRA proceedings

below. Our Supreme Court decided *Olson* on October 31, 2019, after the PCRA court had granted Appellee's petition.

In its Rule 1925(a) opinion, the court acknowledged that, as a result of *Olson*, it erred by granting Appellee's petition based on the retroactive application of *Birchfield* on collateral review of Appellee's judgment of sentence. *See* PCO at 12. As a result, the PCRA court requested that we remand for further proceedings. *Id.* at 13. Appellee concedes this point, and also requests a remand for further proceedings. *See* Appellee's Brief at 14, 17-18. As the parties and the PCRA court are in agreement, and because they are correct that *Olson* precludes application of *Birchfield* retroactively on collateral review, we conclude that the PCRA court erred by granting a new trial based on *Birchfield*.

Next, the Commonwealth argues that Appellee's *Birchfield*-related ineffective assistance of counsel ("IAC") claims are meritless. The Commonwealth states:

> [Appellee]'s claim that trial and direct appeal counsel were ineffective for not raising a claim similar to that in *Birchfield* was also not a basis for granting relief.[8] First, [Appellee] did not develop the claim, as required. Second, it is axiomatic that counsel cannot be found ineffective for not raising a legal theory that, at the time of trial and direct appeal, was not accepted by the Pennsylvania courts. Third, [Appellee] could not demonstrate prejudice because he could not demonstrate that suppression of the blood evidence would have created a reasonable probability of a different verdict.
>
> > [8] It is not clear from the PCRA court's opinion whether it granted relief on this basis, as it has never articulated its

reasoning, other than to imply that it applied **Birchfield** retroactively.

Commonwealth's Brief at 19.

As noted by the Commonwealth, the PCRA court did not address this matter in its Rule 1925(a) opinion. However, this Court may affirm a PCRA court's order on any legal basis. **See Commonwealth v. Rouse**, 191 A.3d 1, 7 (Pa. Super. 2018) ("To the extent our legal reasoning differs from the [lower] court's, we note that as an appellate court, we may affirm on any legal basis supported by the certified record."). Consequently, we will address this potential alternative basis to affirm the PCRA court's order out of an abundance of caution.

> [I]n order to obtain relief based on [an IAC] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

**Commonwealth v. Reed**, 971 A.2d 1216, 1221 (Pa. 2005) (citing **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987)). We presume that counsel was effective and, therefore, the petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence. **Commonwealth v. Rathfon**, 899 A.2d 365, 369 (Pa. Super. 2006). "Failure to prove any prong of this test will defeat an ineffectiveness claim." **Commonwealth v. Fears**, 86 A.3d 795, 804 (Pa. 2014).

Here, the essence of Appellee's argument was that trial and appellate counsel were ineffective for failing to raise a challenge to the admission of his

- 7 -

blood test results on the theory ultimately established in **Birchfield**.[4] However, "counsel cannot be deemed ineffective for failing to anticipate a change in the law…." **Commonwealth v. Hughes**, 865 A.2d 761, 810 (Pa. 2004). "We have held repeatedly that counsel's stewardship must be judged in light of the available alternatives and that he cannot be expected to raise motions unsupported by existing law." **Commonwealth v. Miller**, 431 A.2d 233, 235 (Pa. 1981). Accordingly, Appellee's IAC claims, premised on prior counsels' failures to raise **Birchfield**-related claims before **Birchfield** was decided, lack merit. Thus, those claims do not provide an alternative basis to affirm the order granting Appellee's petition.

Finally, the Commonwealth argues that a remand is not necessary, and that this Court should simply reverse the order under consideration. The Commonwealth's argument, in its entirety, is as follows:

> The PCRA court, admitting its error in applying **Birchfield** retroactively, requests that this Court remand the case. The PCRA court does not give any reason for the remand, and none is apparent.
>
> There is precedent for this Court to reverse the grant of PCRA relief and then reinstate the judgment of sentence. **E.g. Commonwealth v. G.Y.**, 63 A.3d 259, 270 (Pa. Super. 2013). As this Court has explained, it may decide not to remand where "[n]either the interests of justice nor judicial economy would be served by such a futile remand." **Commonwealth v. Felder**, 370 A.2d 1214, 1219 n.8 (Pa. Super. 1976). **Accord Commonwealth v. Daniels**, 963 A.2d 409, 420 (Pa. 2009) ("A remand is unnecessary, however, when the petitioner fails to

---

[4] Appellee ostensibly raised this claim below in his filing titled, "Petitioner's Memorandum in support of amended PCRA petition." **See** Memorandum, 6/28/17, at 4 (unnumbered pages); Reproduced Record at 208a.

plead all three prongs of the **Pierce** test related to trial counsel's ineffectiveness or fails to prove any prong with respect to trial counsel's ineffectiveness"); **Commonwealth v. Lohr**, 468 A.2d 1375, 1379 (Pa. 1983) (declining to remand for merits review that the Supreme Court conducted by issuing that instant opinion).

As explained above, all of [Appellee]'s claims raised in his PCRA petition plainly failed as a matter of law. There is no ostensible need for the PCRA court to render any factual findings, and the PCRA court has not articulated one. Therefore, a remand under the circumstances here is not necessary.

Commonwealth's Brief at 26-27 (some citations omitted).

Appellee disagrees, arguing that:

The Commonwealth's position of summarily dismissing the case while on appeal might be expedient, but deprives Appellee his rights as set forth under [Pa.R.Crim.P.] 907 and 908. This is the Commonwealth's appeal and not Appellee's appeal[,] so Appellee is limited to arguing only the issue(s) raised by the Commonwealth. Since counsel is conceding this issue, Appellee has no other issues he can raise during this appeal.

A remand is necessary since [R]ules … 907 and 908 control the process of dismissing a PCRA petition. A remand would allow counsel to withdraw the Amended [PCRA] petition and file a [no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)]. In doing so, Appellee would be able to raise any additional issues contained in his *pro se* petition[,] as well as being able to respond to the lower court's dismissal of the PCRA petition. At stated above, Appellee would have the right to preserve all of the issues he raised in his *pro se* petition and raise them in his direct appeal from the denial of his PCRA petition. Whether Appellee would be successful on appeal is not the question, but whether he still has the ability to litigate the issues raised in his *pro se* [PCRA] petition and then be able to file an appeal is the question. That is what … [R]ule[s] 907 and 908 allow. Since this was a Commonwealth appeal, Appellee is barred from raising any other issues on appeal. To summarily dismiss his appeal would be the end of his PCRA proceeding without any meaningful review of the other issues that Appellee raised in his *pro se* petition. On remand, counsel can address the other issues that Appellee is raising in his [no-merit letter]. The [PCRA] court

can independently review the record on remand as required by case law. Appellee would also be given the statutory [requirement of] twenty (20) days['] notice of [the court's] intent to dismiss [pursuant to Rule 907]. This notice gives [A]ppellee the right to file a response and make his record for issues that he wants to raise on any direct appeal from the dismissal of his *pro se* [PCRA] petition.

The procedural history in this case shows that Appellee has filed numerous *pro se* appeals and *pro se* [PCRA] petitions that raise additional issues not raised in the amended [PCRA] petition filed by counsel. In addition, Appellee has mailed counsel various correspondence/documents concerning other issues that he wants to raise in his *pro se* [PCRA] petition. These issues can also be addressed in a [no-merit letter] and be properly preserved for any appeal by Appellee. [The] Commonwealth's position of no remand would deprive Appellee of all of his appeal rights and the issues he would like to raise on appeal[,] and [is] contrary to [R]ules 907 and 908. Appellee had no reason to be concerned about his other issues in his *pro se* petition when the court first granted him a new trial. Now that the court has reversed itself, Appellee needs a remand since he cannot ask for a new trial on any other grounds. The Commonwealth cannot prevent Appellee from enjoying his right to his own appeal from the dismissal of his PCRA. The Commonwealth is trying to replace and limit Appellee['s] ability to raise other issues on appeal by requesting dismissal by the Superior Court. Since [the] Commonwealth has won … on [its] direct appeal without a fight, the case needs to be remanded.

Appellee's Brief at 17-20 (some citations omitted).

We agree with Appellee's analysis. Reversing the order granting relief without a remand in the procedural circumstances of this case would deprive Appellee of several opportunities to preserve claims for our review, claims that are not properly before this Court at this time, as this appeal is limited to the issues raised by the Commonwealth. As this Court has previously recognized,

[t]he purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, **see Commonwealth v. Williams**, … 782 A.2d 517, 526 ([Pa.] 2001), the ultimate goal being to

- 10 -

permit merits review by the PCRA court of potentially arguable claims. The response is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to "discern the potential for amendment." ***Id.*** at 527.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1189 (Pa. Super. 2012). Additionally, with regard to "PCRA counsel's representation, a petitioner can preserve the issue by including that claim in his Rule 907 response or raising the issue while the PCRA court retains jurisdiction." ***Commonwealth v. Rigg***, 84 A.3d 1080, 1085 (Pa. Super. 2014).

Since the PCRA court granted Appellee's petition below, Appellee was deprived of the opportunity to preserve a variety of potential claims in response to a Rule 907 notice, including, *inter alia*, claims concerning PCRA counsel's stewardship of Appellee's petition(s). Moreover, although the Commonwealth cites several cases where an appellate court reversed without remand, after concluding that a PCRA court erred in granting PCRA relief, it has cited no authorities compelling us to take such action here.

Accordingly, we agree with Appellee that a remand is appropriate in this case. Thus, we decline the Commonwealth's invitation to reverse. We instead vacate the PCRA court's order, and remand for further PCRA proceedings.

Order ***vacated***. Case ***remanded***. Jurisdiction ***relinquished***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/8/21</u>