J-S39022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
STEELE T. HELTON :
:
Appellant : No. 341 MDA 2023

Appeal from the Judgment of Sentence Entered January 13, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004324-2021

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: DECEMBER 27, 2023**

Steele T. Helton appeals from the judgment of sentence imposed following his convictions for rape, involuntary deviate sexual intercourse, and sexual assault.[1] Helton argues the court erred in overruling his objection to testimony that he alleged violated Pa.R.E. 404(b). We affirm.

Before Helton was formally charged with the above offenses, he was interviewed by Detective Colleen Tatara. Helton told her that the victim of his crimes had fabricated the allegations against him. Detective Tatara asked Helton why the victim might want to make false claims about him, and Helton responded, "I'm convicted sex offender, people make shit up about me." N.T., 10/17/22, at 160. Detective Tatara asked if his previous conviction was "made up," and Helton responded, "No, I am not saying that." *Id.*

---

[1] *See* 18 Pa.C.S.A. §§ 3121(a)(1), 3123, and 3124.1, respectively.

At his ensuing jury trial, Helton objected to any reference to the portion of the interview where Helton had referred to his previous conviction. The Commonwealth responded that the statement was relevant "because [Helton's] giving a motive for the victim to lie here." *Id.* at 161. However, the Commonwealth proposed that Helton's statement be adjusted to "people talk shit about me because of what I've done in the past." *Id.*

Defense counsel argued that even a general reference to Helton's past was inadmissible because it "is still suggesting the improper basis that the jury could say you have a bad past[.]" *Id.* at 162. Counsel also argued that the statement was not admissible to prove "motive" because he did not intend to introduce evidence that Helton's prior conviction gave the victim, who was the Commonwealth's witness, a motive to lie. *Id.*

The court proposed Detective Tatara testify that Helton had referenced his "past" or "something years ago." *Id.* at 163-64. Defense counsel again countered these options would invite the jury to speculate about something bad Helton had done that would motivate others to target him. *Id.* at 164.

The court ruled that the testimony must exclude any direct reference to Helton's conviction, but that the more general statements were admissible to prove the victim's motive to lie. The court ruled, "I'm going to let this in about why [the victim would] make this up because of something that happened. That's going to come in. It's just a matter, I'm trying to work with you as to how you want to do this because it's coming in about the motive." *Id.* Defense counsel told the court he would prefer Detective Tatara change Helton's

statement to be that "he admitted to doing something years ago," but counsel maintained his objection to this testimony. *See id.* at 168 ("I think if it's coming in, that's probably the best way for it to come in. I still object to it being introduced"), 169.

The Commonwealth introduced the video of the interview, but omitted the exchange about why the victim might be lying. The Commonwealth directly examined Detective Tatara as to the exchange. Detective Tarara testified that she had asked Helton whether the victim had a motive to lie about him, and Helton had told her that "people always make up shit about [him]" "due to incidents in his past," that "were not made up":

> Q. And did you have any additional conversations or any statements from [Helton] about – that the jury didn't just see – about why [the victim] would have made the story up?
>
> A. Yes. Mr. Helton, one of the times that I was asking him to try to help me understand why [the victim] would have made this up, Mr. Helton indicated that due to incidents in his past that people always make up shit about him. And that was pretty much –
>
> Q. Did you ask whether those incidents, like, did people make those things up about him about his past?
>
> A. I did ask that question and he said they were not made up basically.

*Id.* at 183.

The jury found Helton guilty, and the court sentenced him to an aggregate of 25 to 50 years' imprisonment. Helton filed post-sentence motions, which the court denied. Helton appealed.

Helton raises the following issue.

- 3 -

By permitting Detective Tatara to testify that [Helton] told her[,] "due to incidents in his past that people always make up shit about him," did the court admit irrelevant and prejudicial testimony which violated Pennsylvania Rule of Evidence 404, and did it do so in violation of Rule 404(b)(3), which required the Commonwealth to give written notice of its intention to use this evidence?

Helton's Br. at 6.

Helton argues that although Detective Tatara's testimony did not reference a specific prior bad act, her reference to "incidents in [Helton's] past" comprised bad acts evidence in violation of Rule 404(b)(1), because it implied Helton had something in his past that made others feel justified in making false allegations against him. He also argues that the Commonwealth could not introduce this statement under the exception for evidence of motive. *See* Rule 404(b)(2). He claims prior bad acts of the defendant are only admissible under that exception to prove the defendant's motive to commit the instant offense, not as evidence that the Commonwealth's own witness has a motive to be untruthful. Helton also argues the testimony was hearsay, and not admissible under the exception for the admission of a party-opponent, *see* Pa.R.E. 803(25), because the Commonwealth was not offering it against Helton, but against its own witness. He further argues the testimony was inadmissible because the Commonwealth failed to give him advance notice of its intent to introduce this testimony under Rule 404(b)(3).

Helton contends the testimony was not harmless, because the case against him was "based entirely on [the victim's] drunken recollection." *Id.* at 26. He argues the victim admitted to having consensual sexual encounters

with Helton in the past and to having been drunk during at least one of the alleged assaults.

We must first determine whether Helton preserved this issue for appeal. A party preserves an objection to the admission of evidence only if, on the record, he "(A) makes a timely objection, motion to strike, or motion *in limine*; and (B) states the specific ground, unless it was apparent from the context[.]" Pa.R.E. 103(a)(1). Once the court definitively rules on the objection on the record, "a party need not renew an objection or offer of proof to preserve a claim of error for appeal." Pa.R.E. 103(b).

Here, defense objected, on the record, and before any such evidence was introduced, to any evidence disclosing that Helton had been previously convicted of a sexual offense. Counsel also objected to Detective Tatara being permitted to testify that Helton had stated the victim had a motive to lie about him because of something that happened in his "past" or "years ago." **See** N.T. 162, 164, 168, 169. He argued this testimony was prejudicial bad acts evidence and not admissible as evidence of motive.

We find these objections timely and sufficiently specific to have preserved Helton's claim that the testimony violated Rule 404(b)(1) and that the court erred in admitting it under Rule 404(b)(2). However, we find Helton's claims that the statement was inadmissible because it was hearsay and that

the Commonwealth failed to give him prior notice under Rule 404(b)(3) are waived.[2]

We turn to the merits of the issue. "Our review of an evidentiary challenge is well-established[.]" ***Commonwealth v. Faison***, 297 A.3d 810, 825 (Pa.Super. 2023). We will reverse the admission of evidence "only upon a showing that the trial court clearly abused its discretion." ***Id.*** (citation omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." ***Id.*** (citation omitted).

Pursuant to Rule 404(b)(1), "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). However, the evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2). Evidence may only be admitted for one of these reasons "if the probative value of the evidence outweighs its potential for unfair prejudice." ***Id.***

---

[2] Helton does not argue how he was prejudiced by the Commonwealth's failure to provide Rule 404(b)(3) notice. Moreover, the Commonwealth gave Helton a copy of the video of the interview before trial.

We find that the instant testimony is not evidence of a "crime, wrong, or act" such as is prohibited by Rule 404(b)(1).[3] As the Commonwealth points out, "Several of the witnesses in the case had known [Helton] since high school or since they were teenagers. The reference to the past could have meant any event that transpired during their acquaintance with [Helton]." Commonwealth's Br. at 17-18. The statement that there were "incidents" in Helton's past that "were not made up" but cause people to "make up shit about him" does not describe any crime, wrong, or act committed by Helton. *See, e.g., Commonwealth v. Johnson*, 160 A.3d 127, 145 (Pa. 2017) (holding defendant's statements to his brother indicating that he was willing to commit murder to make money "were not evidence of any particular 'crime, wrong, or act'" by the defendant); *Commonwealth v. LeClair*, 236 A.3d 71, 80 (Pa.Super. 2020) (holding defendant's statement that he planned to kill his wife was not evidence of a particular crime, wrong, or act).[4] Because the testimony did not describe any particular crime, wrong, or act committed by Helton, it could not have prejudiced Helton in the manner that is prohibited

_____

[3] We may affirm the trial court's decision on any legal basis. *Commonwealth v. Parker*, 249 A.3d 590, 595 (Pa.Super. 2021).

[4] *See also Commonwealth v. Perez*, No. 486 MDA 2017, 2018 WL 6240633, unpublished mem. at *13 (Pa.Super. filed Nov. 29, 2018) (holding defendant's statement that he keeps his gun clean of fingerprints "concerned his general habit or practice, rather than any specific crime, wrong, or act"); *Commonwealth v. Ross*, No. 2100 EDA 2016, 2017 WL 4679667, unpublished mem. at *4 (Pa.Super. filed Oct. 18, 2017) (holding evidence that defendant was the victim of a shooting was not evidence of a crime, wrong, or act by defendant).

by Rule 404(b)(1), *i.e.*, by causing the jury to conclude that Helton committed the instant sexual assaults in accordance with character as proven by some previous crime, wrong, or act. We thus affirm.

Judgment of sentence affirmed.

Judge Dubow joins the memorandum.

Judge McCaffery concurs in the result.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/27/2023