J-S05023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARLA JEAN WEIMER | : | |
| | : | |
| Appellant | : | No. 642 WDA 2023 |

Appeal from the PCRA Order Entered May 11, 2023
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001731-2021

BEFORE: PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.:                **FILED: July 12, 2024**

Appellant, Carla Jean Weimer, appeals from the order entered in the Fayette County Court of Common Pleas, which denied her first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court set forth the relevant facts and procedural history of this case as follows:

> On May 14, 2021, [Appellant] was at a residence in Connellsville, Pennsylvania at about 6:00 P.M. attempting to enter it without permission of the residents.  At the time she attempted to enter the residence, she was under the influence of alcohol.  The residence [Appellant] was attempting to enter without permission was the home of the adults who had adopted several of her children.  She was attempting to visit the youngest two children.  The residents contacted the police.  When the police arrived, [Appellant] informed the police that she went to the residence where her children resided and wanted to see them.  [Appellant]

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

informed the police that when she arrived, she sat in her car in the driveway and drank from a bottle of liquor.

The resident of the home informed the police that [Appellant] had tried to enter the residence while screaming and shouting. The resident was able to prevent her from entering. While the resident was trying to keep [Appellant] from entering, [Appellant] was yelling at the children to break the door of the house down. When [Appellant] was placed in the patrol car, she demanded that her children break her out of the patrol car also.

On October 12, 2021, [Appellant] entered a plea to the charges of Criminal Trespass and Public [Drunkenness] and received a term of probation with restrictive conditions for thirty (30) months with three hundred and sixty (360) days to be served on house arrest. [Appellant] failed to abide by the terms and conditions of her sentence of house arrest with electronic monitoring. On May 21, 2022, [Appellant] cut off her electronic monitoring device and was unable to be contacted. On June 15, 2022, after determining that [Appellant] had violated the terms and conditions of house arrest and also for removing her electronic monitor, the [c]ourt revoked her Probation with Restrictive Conditions and sentenced her to fifteen (15) months to thirty (30) months in a state correctional facility.

(Order and Opinion Denying PCRA Relief, filed 5/11/23, at unnumbered 1-2).

On September 30, 2022, Appellant filed a timely *pro se* PCRA petition. The court subsequently appointed PCRA counsel, who filed an amended petition on November 18, 2022. The court held PCRA hearings on January 18, 2023 and March 27, 2023. On May 11, 2023, the court denied PCRA relief. Appellant timely filed a notice of appeal on June 7, 2023. That same day, the court ordered Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b), and Appellant timely complied on June 29, 2023.

Appellant raises three issues for our review:

> Whether the trial court committed an error of law, and/or abused its discretion by way of its failure to find/rule that the Appellant was lawfully entitled to Post-Conviction Relief, under and pursuant to the Pennsylvania Post-Conviction Collateral Relief Act, or "PCRA," 42 Pa.C.S.A. § 9541, et. seq., due to the fact that the Appellant's plea of guilty that was entered in the above-captioned case was unlawfully induced, and where the circumstances made it likely that the inducement caused the Appellant to plead guilty, and the Appellant is in fact innocent?

> Whether the trial court committed an error of law, and/or abused its discretion by way of its failure to find/rule that the Appellant was entitled to Post-Conviction Relief, under and pursuant to the Pennsylvania Post-Conviction Collateral Relief Act, or "PCRA," 42 Pa.C.S.A. § 9541, et. seq., due to the unavailability at the time of the entry of the Appellant's guilty plea in the above-captioned case, of items of exculpatory evidence, that have subsequently become available?

> Whether the trial court abused its discretion, and/or committed an error of law by way of its failure to find/rule that the Appellant was entitled to Post-Conviction Relief, under and pursuant to the Pennsylvania Post-Conviction Collateral Relief Act, or "PCRA," 42 Pa.C.S.A. § 9541, et. seq., as the entry of the Appellant's guilty plea in the above-captioned case was the direct and proximate result of the ineffective assistance of her prior Counsel?

(Appellant's Brief at 5-6).

"Our standard of review of [an] order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Parker**, 249 A.3d 590, 594 (Pa.Super. 2021) (quoting **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa.Super. 2013)). "The PCRA court's factual findings are binding if the record supports them, and we

- 3 -

review the court's legal conclusions *de novo*." ***Commonwealth v. Prater***, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A.3d 386 (2021). Further, where the PCRA court makes credibility determinations, we are bound by them if they are supported by the record. ***Commonwealth v. Mojica***, 242 A.3d 949 (Pa.Super. 2020), *appeal denied*, 666 Pa. 290, 252 A.3d 595 (2021).

For purposes of disposition, we combine Appellant's issues. Appellant initially argues that plea counsel, Attorney Meghann Mikluscak-Hewitt, unlawfully induced her to plead guilty. Specifically, Appellant claims that plea counsel, "despite being made specifically aware of both the existence and nature of items of exculpatory evidence[,]" advised Appellant to plead guilty by telling her that she "would be convicted anyway if she didn't take…the guilty plea; that Appellant's name was not thought of respectfully; that if Appellant did not enter a guilty plea…she would both muddy her kids, and also cause extra problems; and by way of repeatedly telling Appellant" not to tell the judge she was innocent. (Appellant's Brief at 20) (internal quotation marks omitted). Appellant insists these statements caused Appellant to become too frightened to maintain her innocence or to contest the criminal charges at trial.

Next, Appellant argues that the PCRA court improperly denied her relief where she presented exculpatory after-discovered evidence. Specifically, Appellant claims that she presented evidence of a Protection from Abuse order

which proved that Appellant was not evicted and excluded from the residence at issue until June 4, 2021—after the date on which she allegedly committed criminal trespass. Appellant further contends that she submitted a letter from Phyliis A. Jin, Esq. (who had represented the alleged victims relative to the dependency and termination proceedings involving Appellant's children), expressly advising Appellant that she was permitted to enter the alleged victims' home to visit her minor children. Appellant insists that introduction of this evidence sooner would have prevented Appellant from entering a guilty plea and would have led to an acquittal had Appellant proceeded to trial. Appellant submits that she did not have the education, knowledge, training, or resources to have obtained these documents without the assistance of counsel, and Attorney Mikulscak-Hewitt, as well as Attorney Nicholas Clark, were ineffective for failing to produce this evidence prior to entry of Appellant's guilty plea and for inducing Appellant to plead guilty despite this evidence.

Finally, Appellant claims both Attorneys Mikulscak-Hewitt and Clark were ineffective for failing to observe/notice that Appellant was visibly intoxicated when she entered the guilty plea to an extent that substantially impaired her decision-making ability and ability to understand the proceedings. Appellant insists counsel were ineffective for failing to inform the court about Appellant's intoxication prior to entry of a guilty plea. Appellant submits that counsel had no reasonable strategic bases for their actions and that she suffered prejudice as a result. Appellant concludes the

PCRA court erred by denying relief on these grounds, and this Court must grant relief. We disagree.

"Counsel is presumed to have rendered effective assistance." *Commonwealth v. Hopkins*, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, 663 Pa. 418, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111 (2011).

This Court has explained:

> In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea. A defendant is bound by the statements which [s]he makes during [her] plea colloquy. As such, a defendant may not assert grounds for withdrawing the plea that contradict statements made when [s]he entered the plea.

*Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa.Super. 2017)

- 6 -

(internal citations and quotation marks omitted).

To obtain relief on a claim of after-discovered evidence under the PCRA, a petitioner must demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. **Commonwealth v. Washington**, 592 Pa. 698, 927 A.2d 586 (2007). **See also Commonwealth v. Small**, 647 Pa. 423, 189 A.3d 961 (2018) (discussing quality of proposed "new evidence" and stating new evidence must be of higher grade or character than previously presented on material issue to support grant of new trial).

Instantly, the PCRA court evaluated Appellant's claims as follows:

> Appellant asserts that her plea was unlawfully induced, her counsel was ineffective and there was after discovered evidence that was not presented that would have changed the result. At the time of the hearing, Appellant asserts that her counsel coerced her into taking a plea and she was frightened by Attorney Mikluscak's statements so that she had to take the plea. She also testified that she was intoxicated at the time of her plea and didn't know what she was doing. Attorney Mikluscak testified and stated that if Appellant had wanted to go to trial, she would have agreed to do [that]. However, at the time of the plea, Appellant was represented by another attorney from the Public Defender's Office, Nicholas Clark, Esquire.[2] The [c]ourt found the testimony of counsel to be credible and the testimony of Appellant incredible on this issue. The [c]ourt had the opportunity to hear, view and question Appellant.

_____

[2] Attorney Mikluscak-Hewitt represented Appellant at the preliminary hearing; Attorney Clark represented Appellant at the guilty plea hearing.

At no point did the [c]ourt have any concerns about Appellant's ability to enter a plea and saw no indicia of intoxication.

The second issue relates to the affidavit that Appellant alleges allows her on the [victims'] property. The affidavit was signed only by Appellant when she relinquished custody of her two older daughters to the [victims] for adoption in 1996. There is no indication that this affidavit was ever an actual agreement between the parties or that it was currently in effect or was the agreement related to her two youngest children who were also adopted by the [victims]. The affidavit was signed more than twenty-five years before this incident.[3] …

This affidavit is not after-discovered evidence. Appellant knew who had possession of the affidavit and had left the affidavit in the possession of the attorney involved in the termination of her parental rights in 1996. Appellant clearly had knowledge about this document. After counsel who had maintained the affidavit turned it over to Appellant, she did not provide it to her PCRA counsel until after the second PCRA hearing. Even if the contents of the affidavit continued in effect, Appellant's intoxicated condition, her attempt to force her way into [the victims'] residence, and then her success in breaking into the house, would have

_____

[3] As the court stated in its earlier opinion:

While the affidavit gave [Appellant] certain rights related to her oldest children, the affidavit was signed in 1996 and involved two children who are adults now. There was no indication that the affidavit applied to the two minor children who are currently residing in the residence. In addition, [Appellant's] intoxicated and aggressive condition would have trumped any right to be present on the property. [Appellant's] uncontrolled behavior and requests that the children break her out of the police car would not be considered lawful behavior. [Appellant's] actions are sufficient to support the charges.

(Order and Opinion Denying PCRA Relief at unnumbered 4).

invalidated any agreement. For these reasons, this issue is without merit.

Appellant's third issue is that Attorney Mikluscak-Hewitt coerced her into taking a plea and she was so frightened to maintain her innocence or to exercise her right to trial. Further [Appellant claims that] both counsel failed to notice that Appellant was substantially impaired due to her intoxication. Counsel is presumed to be effective. [Appellant] asserts that they willfully ignored the fact that she was obviously intoxicated. Attorney Mikluscak-Hewitt denied threatening or making the type of statements that Appellant alleges were made to her. The [c]ourt had the opportunity to observe and converse with Appellant. The [c]ourt finds the allegations against both counsel without merit and lacking in credibility. The [c]ourt further finds Attorney Mikulscak credible and that the allegations of Appellant as to their ineffectiveness are without merit.

(Rule 1925(a) Opinion, filed Aug. 4, 2023, at 3-4).

The record supports the PCRA court's analysis. *See Parker, supra*. At the time of the guilty plea proceeding, Appellant was represented by Attorney Clark. Appellant admitted at the plea hearing that one of the victim's told her in the past not to come onto their property. (*See* N.T. Guilty Plea Hearing, 10/12/21, at 3). *See also Orlando, supra*. Additionally, the record supports the court's credibility determination in favor of Attorney Mikluscak-Hewitt that she did not coerce Appellant to plead guilty, and that if Appellant wanted to go to trial, counsel would have proceeded accordingly. As such, we are bound by the court's credibility determination. *See Mojica, supra*. Further, we agree with the PCRA court that Appellant's proffered affidavit does not constitute after-discovered evidence for the reasons the court stated above. *See Washington, supra*. Finally, our review of the guilty plea hearing

transcript does not reveal any basis on which to disturb the court's statements that it personally observed Appellant and did not believe she was intoxicated at the time of her plea. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

7/12/2024