J-S27018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAROHN JAYNES | : | |
| | : | |
| Appellant | : | No. 380 EDA 2024 |

Appeal from the PCRA Order Entered December 8, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012926-2011

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY STEVENS, P.J.E.: **FILED OCTOBER 3, 2025**

While I agree with the Majority that the better practice under our Rules of Appellate Procedure would have been for the PCRA[1] court judge to set forth detailed factual findings, including credibility determinations, to assist this Court in reviewing Appellant Tarohn Jaynes' claim of after-discovered evidence, I respectfully conclude that the PCRA court judge's failure to do so in the instant case is not an impediment to our affirming, which we may do on any legal basis. ***Commonwealth v. Parker***, 249 A.3d 590 (Pa.Super. 2021) (holding we may affirm the PCRA court on any legal basis).

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.

Initially, to put Appellant's claim in context, I note that, on direct appeal, this Court set forth the relevant facts and procedural history, in part, as follows:

> On October 15, 2011, at 9:00 p.m., Nathaniel Harley was sitting in his vehicle when an unmasked man entered, sat in the front passenger seat, pointed a gun at him, and rummaged through his pockets, removing two cell phones and cash. Mr. Harley drove to a nearby police cruiser, and once he was inside of the cruiser, he viewed a photo of Appellant on the cruiser's computer screen, which happened to be there as a result of an unrelated matter, and identified the person on the screen as his assailant. At the police station, Mr. Harley identified Appellant from a photo array. Appellant was arrested in connection with the robbery, and he proceeded to a jury trial on various charges. On December 9, 2013, after the jury was unable to reach a verdict on all charges, the trial court declared a mistrial.
>
> The Commonwealth provided notice of its intent to retry the case, and on January 24, 2014, Appellant's counsel filed a motion to suppress all potential witnesses' in-and-out-of-court identifications of Appellant as the perpetrator. Specifically, Appellant alleged the police's out-of-court photo identification procedures were unduly suggestive and there was no independent basis for an in-court identification. On February 11, 2014, the matter proceeded to a hearing, and the trial court denied the motion.
>
> During Appellant's second jury trial, Mr. Harley identified Appellant as the perpetrator of the robbery, and on February 19, 2014, the jury convicted Appellant of the charges indicated *supra.*

*Commonwealth v. Jaynes*, 135 A.3d 606, 609 (Pa.Super. 2016).

On direct appeal, Appellant acknowledged that Mr. Harley identified him out-of-court, as well as in court during his second jury trial, as the perpetrator. He claimed, however, that Mr. Harley's initial out-of-court identification of him was based on an unduly suggestive police display of a single photo, and, therefore, Mr. Harley's subsequent out-of-court identification based on a photo

- 2 -

array, as well as his in-court identification, were improperly tainted. We found no merit to the claim and affirmed his judgment of sentence. *See id.*

Thereafter, as the Majority indicates, Appellant filed a first timely *pro se* PCRA petition. Therein, Appellant contended Mr. Harley initially identified Khaalid Fleetwood out-of-court as a possible suspect, and he alleged Mr. Harley made inconsistent identifications. *See* Appellant's PCRA petition, filed 3/3/17, at 18.

Subsequently, in his January 23, 2018, amended *pro se* PCRA petition, Appellant claimed, for the first time, that he had after-discovered evidence. Specifically, he averred that, on January 9, 2018, the following occurred while he was in prison:

> [Appellant] was made aware of the [after-]discovered evidence on January 9, 2018, when [Appellant] came back to SCI-Somerset from ATA (authorized temporary transfer) at SCI-Graterford. [Appellant] approached cell #25 on block FB to visit a friend, Yaasir Gayle,…to let him know that he just returned from ATA. Upon arrival, [Appellant] looked at the two identification cards, and [he] noticed Mr. Gayle had a new cellmate (Khaalid Fleetwood).

Appellant's *pro se* PCRA petition, filed 1/23/18, at 1. Appellant claimed that he remembered the name Khaalid Fleetwood from his trial discovery materials, so during the evening recreation hour, he approached Mr. Fleetwood. Appellant claimed Mr. Fleetwood freely "divulged to [Appellant] that he, in fact, knew of the robbery,…[and] Mr. Fleetwood at that moment informed [Appellant] that he did commit such robbery[.]" *Id.* at 2. Appellant

claimed that Mr. Fleetwood said he would help prove Appellant's innocence. *Id.*

Appellant attached to this amended PCRA petition an affidavit signed by Mr. Fleetwood in which Mr. Fleetwood admitted to committing the robbery. Noticeably absent from Mr. Fleetwood's affidavit was any indication that Appellant or his defense counsel had contacted him prior to Appellant's jury trial or made any efforts to seek Mr. Fleetwood's admission to the crime.

As the Majority notes, the PCRA court held an evidentiary hearing at which Appellant did not testify. Mr. Fleetwood offered no testimony indicating Appellant or Appellant's counsel contacted him prior to January 9, 2018, when Appellant saw him in prison. The PCRA court summarily denied Appellant's PCRA petition, apparently finding no merit to Appellant's claim of after-discovered evidence.

As the Majority recognizes, our Supreme Court has set forth the following four-part test, which a petitioner must plead and prove to obtain a new trial under the PCRA for a claim of after-discovered evidence:

> [W]e have viewed this analysis in criminal cases as comprising four distinct requirements, each of which, if unproven by the petitioner, is fatal to the request for a new trial. As stated, the four-part test requires the petitioner to demonstrate the new evidence: (1) could not have been obtained prior to the conclusion of trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. The test applies with full force to claims arising under Section 9543(a)(2)(vi) of the PCRA. In addition, we have held the proposed new evidence must be producible and admissible.

*Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018) (citations omitted).

Regarding the reasonable diligence that is required, this Court has explained:

> To obtain a new trial based on after-discovered evidence, the petitioner must explain why he could not have produced the evidence in question at or before trial by the exercise of reasonable diligence….A defendant cannot claim he has discovered new evidence simply because he had not been expressly told of that evidence. Likewise, a defendant who fails to question or investigate an obvious, available source of information, cannot later claim evidence from that source constitutes [after-]discovered evidence.
>
> ***
>
> Absent a plausible explanation for the failure to discover the evidence earlier, evidence obtained after trial should not be deemed "after-discovered"; to allow the defendant to claim information actually or constructively within his knowledge and available to him is after-discovered.

*Commonwealth v. Padillas*, 997 A.2d 356, 363-64 (Pa.Super. 2010) (citations omitted).

Here, Appellant claims he has after-discovered evidence proving that Khaalid Fleetwood, as opposed to Appellant, was the perpetrator of the gunpoint robbery of the victim, Mr. Harley. Specifically, Appellant claims that he first learned of Mr. Fleetwood's guilt on January 9, 2018, when he had a conversation with Mr. Fleetwood in prison, and Mr. Fleetwood then provided an affidavit. However, as indicated, to demonstrate his entitlement to a new trial, Appellant must explain how this evidence "could not have been obtained prior to the conclusion of trial by the exercise of due diligence." *Id.*

Regarding the exercise of due diligence, Appellant baldly asserted the following in his amended PCRA petition:

[The] information concerning Khaalid Fleetwood was not available at the time of [Appellant's] motion to suppress, trial, or direct appeal by the exercise of reasonable diligence. Therefore, [Appellant] could not have obtained evidence regarding Khaalid Fleetwood's admission of the robbery that [Appellant] was charged and sentence for, prior to the conclusion of his trial[.]

***

[Appellant] could not have obtained evidence regarding Khaalid Fleetwood's admission of guilt prior to the conclusion of [Appellant's] trial because the admission of guilt on the behalf of Mr. Fleetwood was unbeknownst to [Appellant] until six years and three months after the crime[.]

Appellant's *pro se* PCRA petition filed 1/23/18, at 3.

My review of the record reveals Appellant has not met his burden of demonstrating that any exculpatory evidence from Mr. Fleetwood, including his alleged confession, could not have been obtained prior to the conclusion of trial by the exercise of reasonable diligence.

Although not specifically discussed by the Majority, the record clearly demonstrates that, prior to trial, Appellant was aware that, immediately after the robbery, while traveling with the police, Mr. Harley saw Khaalid Fleetwood getting off a bus. Upon initially viewing him from the side, Mr. Harley thought he looked like the perpetrator, although he was wearing different clothing. When Mr. Harley had an opportunity to see Mr. Fleetwood's face, he immediately excluded him as the perpetrator.

This issue was explored in depth by Appellant's counsel on cross-examination of various police officers and Mr. Harley during Appellant's first jury trial, which resulted in a deadlocked jury, as well as during Appellant's second jury trial. N.T., 12/3/13, at 127, 132-34; N.T., 2/12/14, at 84-89, 139-43.

Accordingly, although Appellant was aware of the existence of Khaalid Fleetwood, as well as the fact that he was initially identified by Mr. Harley as a possible suspect prior to the conclusion of his first trial, Appellant has not set forth any steps that either he or defense counsel took to contact Mr. Fleetwood or otherwise determine whether he committed the crime at issue. While Appellant baldly claims in his amended PCRA petition he could not have known about Mr. Fleetwood's admission of guilt until Appellant saw Mr. Fleetwood in prison, this Court has held "[a] defendant cannot claim he has discovered new evidence simply because he had not been expressly told of that evidence." *Padillas*, 997 A.2d 356 at 363. Simply put, Appellant failed to present any evidence indicating he questioned or investigated Mr. Fleetwood as a potential perpetrator even though he was aware prior to his second trial that Mr. Harley initially thought Mr. Fleetwood was the perpetrator (until Mr. Harley then saw Mr. Fleetwood's face).

Additionally, it is well-settled that, "a defendant seeking a new trial must demonstrate he will not use the alleged after-discovered evidence solely to impeach the credibility of a witness." *Padillas*, 997 A.2d at 365 (citation

omitted). "Whenever a party offers a witness to provide evidence that contradicts other evidence previously given by another witness, it constitutes impeachment." *Id.*

Here, assuming, *arguendo*, the confession from Mr. Fleetwood otherwise meets the requirements for after-discovered evidence, the record reveals Mr. Fleetwood's testimony would be used by Appellant "solely to impeach the credibility of a witness;" namely, the victim, Mr. Harley. *Small*, 189 A.3d at 972.

During Appellant's second jury trial, Mr. Harley admitted on cross-examination by Appellant's counsel that he saw Mr. Fleetwood immediately after the robbery. N.T., 2/12/14, at 141-43. However, Mr. Harley also specifically testified at trial that Mr. Fleetwood was not the perpetrator. *Id.* In fact, Mr. Harley testified that, if he had named Mr. Fleetwood as the perpetrator, he would have been "[a]ccus[ing] someone that's innocent[.]" *Id.* at 143. Mr. Harley positively identified Appellant during trial as the perpetrator. *Id.* at 104-06. Given that Appellant's defense theory that Mr. Fleetwood was the perpetrator was flatly denied by Mr. Harley during his trial testimony, the sole purpose for Mr. Fleetwood's confession would be to impeach the credibility of Mr. Harley. *Small*, *supra*.

Accordingly, contrary to the Majority, I conclude the record clearly demonstrates that Appellant did not prove his claim of after-discovered evidence. That is, even assuming, *arguendo*, every piece of evidence offered

by Appellant during the evidentiary hearing was believed by the PCRA court judge, there is no evidence establishing that Appellant could not have obtained the evidence in question prior to the conclusion of trial by the exercise of due diligence. Moreover, Appellant did not demonstrate that he would use Mr. Fleetwood's confession for any purpose other than to impeach the credibility of Mr. Harley. Accordingly, Appellant did not demonstrate he was entitled to a new trial based on after-discovered evidence, and I would affirm on this basis.