J-S05016-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL KHALIL CLARY | : | |
| | : | |
| Appellant | : | No. 1211 EDA 2025 |

Appeal from the PCRA Order Entered August 2, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0003961-2017

BEFORE:   PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.:                                    **FILED MARCH 13, 2026**

Appellant, Daniel Khalil Clary, appeals from the order entered in the Northampton County Court of Common Pleas, denying his timely first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinion dismissing Appellant's PCRA petition, the PCRA court accurately set forth the relevant facts and procedural history of this case. (**See** PCRA Court Opinion, filed 8/2/24, at 1-18).  Therefore, we have no reason to restate them at length.  Briefly, on November 7, 2017, during a traffic stop initiated by Pennsylvania state troopers, and while undergoing field sobriety testing, Appellant attempted to grab the handle of one officer's gun. After he was tased, Appellant continued to resist arrest and to grab for the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

officer's weapon; he ultimately dislodged the magazine from the firearm. Appellant then ran to his own vehicle, retrieved his own firearm, and shot at both officers, hitting one of them. Appellant, who had been hit with return fire, fled the scene in his vehicle. The entire incident was captured on body worn camera footage.

During closing argument, Appellant's trial counsel contended that Appellant was in fear for his life after being repeatedly tased by state troopers. On June 29, 2018, a jury convicted Appellant of two counts each of attempted murder of a law enforcement officer, aggravated assault of a law enforcement officer, and disarming a law enforcement officer without lawful authorization, and one count each of resisting arrest, escape, and carrying a firearm without a license.

On August 31, 2018, the court sentenced Appellant to an aggregate term of 42 to 84 years' incarceration. Appellant timely filed post-sentence motions, which the court denied on January 18, 2019. This Court affirmed Appellant's judgment of sentence on December 15, 2020, and the Pennsylvania Supreme Court denied allowance of appeal on December 15, 2021. *See Commonwealth v. Clary*, No. 463 EDA 2019 (Pa.Super. filed Dec. 15, 2020) (unpublished memorandum), *appeal denied*, 672 Pa. 61, 269 A.3d 529 (2021).

On August 22, 2022, Appellant timely filed a *pro se* PCRA petition and the court appointed counsel. On October 4, 2023, Appellant filed an amended petition alleging that trial counsel was ineffective for advising Appellant not to

testify at trial.

On November 17, 2023, the court held an evidentiary hearing on Appellant's PCRA petition. At the hearing, Appellant testified regarding his version of the events of November 7, 2017, essentially claiming that he feared for his life after police officers tased and shot him, and that he only returned fire after officers had fired first. However, Appellant also admitted that had he taken the witness stand, he had nothing more to tell the jury than what was shown in the video. (*See* N.T. Hearing, 11/17/23, at 27-29, 51-52).

Trial counsel also testified and explained that she had discussed at length with Appellant her reasoning for advising Appellant not to testify in his defense, namely, that Appellant's claims were not consistent with what counsel had viewed on video; Appellant's documented history of paranoia; and her fears that Appellant would not be a sympathetic or reliable witness and would not hold up on cross examination. Appellant also admitted that he had discussed the decision not to testify with trial counsel.

On August 2, 2024, the court issued an opinion and order denying PCRA relief. On August 29, 2024, Appellant timely filed a notice of appeal. On August 30, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On September 20, 2024, Appellant timely complied.

On appeal, Appellant raises the following issue for review:

> Did the PCRA court err and/or abuse its discretion when it held that trial counsel was not ineffective for advising Appellant not to testify at trial given that the defense was

- 3 -

presenting a justification defense?

(Appellant's Brief at 4).

"Our standard of review of [an] order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Parker*, 249 A.3d 590, 594 (Pa.Super. 2021) (quoting *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa.Super. 2013)). "The PCRA court's factual findings are binding if the record supports them, and we review the court's legal conclusions *de novo*." *Commonwealth v. Prater*, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, 672 Pa. 30, 268 A.3d 386 (2021). Further, where the PCRA court makes credibility determinations, we are bound by them if they are supported by the record. *Commonwealth v. Mojica*, 242 A.3d 949 (Pa.Super. 2020), *appeal denied*, 666 Pa. 290, 252 A.3d 595 (2021).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Michael J. Koury, Jr., we conclude Appellant's claim merits no relief. The PCRA court opinion comprehensively discusses and properly disposes of the claim raised. (*See* PCRA Court Opinion at 19-32) (finding: court found trial counsel's testimony at PCRA hearing was credible and Appellant's testimony at PCRA hearing was not credible; record demonstrates that trial counsel had reasonable basis for her advice to Appellant not to testify; specifically, trial counsel testified that Appellant's version of events differed from the events

captured on body worn camera footage; trial counsel also expressed concerns about Appellant's ability to testify calmly given his documented history of paranoia; further, Appellant failed to show there was reasonable probability that outcome of trial would have been different had Appellant testified; Appellant failed to articulate offer of proof of testimony he would have given had he testified at trial; Appellant even admitted that testifying would not have "helped" jury, as Appellant stated that he had nothing more to tell jury than what was on video; on this record, Appellant cannot establish that trial counsel interfered with his right to testify or provided advice so unreasonable that it hindered his ability to make a knowing and intelligent decision regarding whether to testify; trial counsel testified that she advised Appellant not to testify but informed him he had right to testify if he chose to do so; trial counsel's testimony was credible; Appellant's ineffectiveness claim fails). Accordingly, we affirm based on the PCRA court's opinion.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/13/2026