J-S25030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OTTO PAXTON | : | |
| | : | |
| Appellant | : | No. 61 EDA 2024 |

Appeal from the PCRA Order Entered December 5, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0000231-2012

BEFORE:  DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED OCTOBER 16, 2024**

Otto Paxton appeals from the order dismissing his petition seeking relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In April 2012, a jury convicted Paxton of possession of firearm with manufacturer number altered, possession of a prohibited offensive weapon, and possession of drug paraphernalia.[1] The trial court convicted Paxton of persons not to possess firearms. 18 Pa.C.S.A. § 6105(a)(1). The trial court sentenced Paxton to an aggregate sentence of 12½ to 25 years' imprisonment. Paxton filed a motion to reconsider his sentence, which was denied by operation of law.

Paxton filed a direct appeal. The appeal was dismissed for failure to file a brief. His rights to file post-sentence motions and a direct appeal were

---

[1] 18 Pa.C.S.A §§ 6110.2(a) and 908(a) and 35 P.S. § 780-113(a)(32), respectively.

reinstated *nunc pro tunc*. He filed a timely notice of appeal. This court affirmed his judgment of sentence in March 2016. He has filed numerous PCRA petitions, all of which were denied.

In November 2023, Paxton filed his fifth PCRA petition. Paxton maintained that he had been led to believe he would be paroled after his minimum term of imprisonment if he maintained good behavior. He also alleged that the parole board member who interviewed him led him to believe that the agent believed he had been in physical possession of a firearm at the time of the crime, there was no reason that he should not be granted parole, and the court has the power to amend mistakes of court officers. He further stated he was entitled to reinstatement of his August 2012 motion for reconsideration of sentence because a scheduled hearing had been canceled and not rescheduled before the motion was administratively denied.

The PCRA court entered a notice of intent to dismiss the petition without a hearing. Paxton filed a response again alleging that the November 2012 hearing on his post-sentence motion was canceled and not rescheduled before the court administratively denied the petition. He further stated the November 2023 petition should be deemed timely filed because it was filed within one year of his denial of parole in September 2023. He claimed the Parole Board mistakenly believed he was in possession of a firearm, which he argues was a patent clerical error that the trial court could modify at any time.

In December 2023, the court denied the PCRA petition. Paxton filed a timely notice of appeal. He raised the following issue in his Rule 1925(b) statement:

> 1. Whether Appellant is entitled to Reinstatement of his August 31, 2012 Motion for Reconsideration of Sentence where a hearing schedule for November 2, 2012, was canceled and trial counsel's inadvertences in failing to properly file a rescheduling order prior to the February 25, 2013, Administrative denial resulted in no reconsideration of sentence.

> The October 23, 2023, petition was timely filed within one year of being denied parole on September 12, 2023, based on the mistaken belief that Appellant was in physical possession of a firearm which is a patent clerical error, which Appellant in **Commonwealth v. Wothman**, 179 A.3d 565 (Pa.Super. 2017) was . . . allowed modification of sentence nine (9) years after imposed warranting similar relief in the instant case in the Interest of Justice.

Paxton's Concise Statement of Matters Complained of on Appeal.

Paxton's brief raises the following issue: "The Trial Court erred in dismissing [Paxton's] [PCRA] Petition seeking Reinstatement of his August 31, 2012, Motion for Reconsideration when it had authority to correct error beyond the 30 days outlined in section 5505, 42 Pa.C.S." Paxton's Br. at 3.

In his appellate brief, Paxton maintains the clerk of court failed to serve the parties with a copy of the order reinstating his right to file post-sentence motions and a direct appeal. He maintains he "should not be penalized by the Court and found to have waived his right to file the sentencing claim raised in his direct appeal." *Id.* at 7. He maintains his counsel reviewed the docket and discovered the order in time to file a timely appeal, but the time to file a post-

sentence motion had passed. Paxton acknowledges that his PCRA petition is untimely and that he did not plead and prove an exception to the time bar in his PCRA petition. He maintains that the breakdown in the court operations regarding notice of the order should result in the court having jurisdiction to review the PCRA petition.

When reviewing the denial or grant of relief under the PCRA, this Court must determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020).

A petitioner has one year after the judgment of sentence becomes final to seek relief that is cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3). If a petition seeks PCRA relief beyond that deadline, the petitioner must plead and prove at least one of the PCRA's time-bar exceptions. These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** at § 9545(b)(1)(i)-(iii).

Paxton's judgment of sentence became final in April 2016, when the time to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. ***See*** Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court"). Therefore, the one-year deadline to file a PCRA petition elapsed in April 2017, and the instant petition, filed in November 2023, is facially untimely. The PCRA court therefore lacked jurisdiction unless Paxton pleaded and proved at least one of the time-bar exceptions. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Paxton did not attempt to raise any time-bar exception before the PCRA court. Similarly, in his appellate brief, he does not argue an exception applies. Rather, he maintains there was a breakdown in the court process because the trial court allegedly did not notify his counsel of a 2014 order granting *nunc pro tunc* relief. Paxton did not raise this claim before the PCRA court and therefore waived the issue. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Further, even if he had raised the issue, it would not satisfy any exception to

- 5 -

the PCRA time bar. Accordingly, Paxton's petition is untimely and the PCRA

court did not err in dismissing it.[2]

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/16/2024

---

[2] The PCRA court dismissed the petition because it found the claims meritless. We "may affirm a PCRA court's order on any legal basis." ***Commonwealth v. Parker***, 249 A.3d 590, 595 (Pa.Super. 2021).