J-S14017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WAYNE O. CRIPPEN | : | |
| Appellant | : | No. 1107 MDA 2023 |

Appeal from the PCRA Order Entered July 13, 2023
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0000161-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WAYNE O. CRIPPEN | : | |
| Appellant | : | No. 1108 MDA 2023 |

Appeal from the PCRA Order Entered July 13, 2023
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0000411-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WAYNE O. CRIPPEN | : | |
| Appellant | : | No. 1109 MDA 2023 |

Appeal from the PCRA Order Entered July 13, 2023
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0000580-2017

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                                          :
            v.                     :
                                          :
                                          :
WAYNE O. CRIPPEN              :
                                          :
          Appellant           :     No. 1110 MDA 2023

Appeal from the PCRA Order Entered July 13, 2023
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0000597-2017

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY PANELLA, P.J.E.:  **FILED: OCTOBER 29, 2024**

Wayne Crippen appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546 ("PCRA").[1] We affirm.

---

[1] We note that, on August 7, 2023, Crippen filed a notice of appeal at each of the four trial court dockets. Each notice of appeal listed the four trial court docket numbers. Pursuant to Pennsylvania Rule of Appellate Procedure 341, when a single order "resolves issues arising on more than one docket[,] separate notices of appeal must be filed." Pa.R.A.P. 341 at Official Comments; ***see also Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018), *overruled in part by* ***Commonwealth v. Young***, 265 A.3d 462, 477 and n.19 (Pa. 2021) (reaffirming ***Walker*** but holding that Pennsylvania Rule of Appellate Procedure 902 permits an appellate court, in its discretion, to allow correction of a Rule 341 error); ***see also*** Pa.R.A.P. 902(a) (effective May 18, 2023) (stating, "[a] notice of appeal must be filed in each docket in which the order has been entered"). This Court recently held that it is of no consequence that a notice of appeal contains more than one trial court docket number, so long as the party files a notice of appeal at each of the trial court dockets. ***See Commonwealth v. Johnson***, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*), *appeal denied*, 242 A.3d 304 (Pa. 2020); ***see also Commonwealth***
*(Footnote Continued Next Page)*

As a preliminary matter, we note that for at least the second time this year, the Lycoming District Attorney's office has not filed an advocate's brief in this Court. On February 8, 2024, the Deputy Prothonotary of the Superior Court sent a letter to the assistant district attorney of record notifying him that the appellee's brief was due on March 11, 2024. This letter is contained in the certified record. No explanation or excuse has been provided to the Superior Court regarding the absence of an appellee's brief by the Commonwealth. We note **with extreme disapproval** the Commonwealth's failure to file an appellee's brief. "An appellee is required to file a brief that at minimum must contain a summary of argument and the complete argument for appellee." *Commonwealth v. Pappas*, 845 A.2d 829, 835 (Pa. Super. 2004) (internal quotation marks and citation omitted). In *Pappas*, the panel referred to the Commonwealth's failure to file a proper appellee's brief as "unacceptable." *Id.* We echo that opinion and once again remind the

_____

*v. Larkin*, 235 A.3d 350, 352 (Pa. Super. 2020) (en banc), *appeal denied*, 251 A.3d 773 (Pa. 2021). In other words, for purposes of perfecting an appeal, this Court is concerned that a notice of appeal is filed at each trial court docket, not whether the notice of appeal contains more than one trial court docket number.

Here, the record reveals that Crippen filed a notice of appeal at each trial court docket. The certified record of each trial court docket was then forwarded to this Court for purpose of appeal. This Court assigned a docket number to each case in Crippen's appeal and consolidated them *sua sponte*. Based upon our review of Rule 341, Rule 902, *Walker*, and its progeny, we conclude that Crippen perfected four appeals from the July 13, 2023 order entered at each trial court docket.

Commonwealth of its obligation to file an advocate's brief in future appeals.
**In light of the extremely serious charges, convictions, and sentence in this case, it is entirely unacceptable that the Commonwealth did not file an advocate's brief**.

We now turn to the background of this case. Crippen was convicted of several charges spanning four criminal dockets, which all stem from Crippen dealing drugs to an informant. The PCRA court set forth the factual history underlying these crimes as follows:

> In November of 2016, Lycoming County Narcotics Enforcement Unit ("NEU") Detective James Capello ("Capello") began investigating an individual who had sold drugs to a confidential informant of the NEU. The confidential informant, Autumn Day ("Day"), told Capello that the individual went by the name "Mikey" and described him as being approximately 5'9" with glasses, a short beard, and short hair. Day also stated that "Mikey" conducted business through the phone number 570-980-3497. Detective Capello utilized Day to conduct three controlled purchases of heroin for the NEU on November 16, 2016, December 6, 2016, and January 4, 2017. On each occasion, Day used her cellular phone to contact "Mikey" in order to set up a purchase of heroin. Prior to each controlled buy, Capello searched Day and her vehicle; Day was then provided with pre-recorded police funds to conduct the controlled purchases. During each controlled buy, surveillance was maintained over Day and Capello was in contact with those conducting surveillance. After the controlled purchases, Day returned to Capello and handed in the purchases; in each case the controlled substance was field-tested positive for heroin.

PCRA Court Opinion ("PCO"), 7/13/23, at 1-2.

After the December purchase, a Pennsylvania State Police trooper followed the vehicle and made a traffic stop after witnessing a traffic violation. The driver, Crippen, was identified as "Mikey" by the informant. Crippen was

thereafter charged at four separate criminal dockets: one for each of the three controlled buys and the last for the traffic offense and discovery of a small amount of marijuana inside the vehicle. Crippen was convicted of all charges following a jury trial.

The trial court sentenced Crippen to an aggregate term of 10 1/2 to 21 years in prison. We affirmed that judgment of sentence on direct appeal. **See Commonwealth v. Crippen**, 2020 WL 5796195 (Pa. Super. filed Sept. 29, 2020) (unpublished memorandum). Our Supreme Court denied his petition for further review on April 28, 2021. **See Commonwealth v. Crippen**, 252 A.3d 1086 (Pa. 2021).

Crippen sought collateral review on June 29, 2022, when he filed a *pro se* PCRA petition[2] at each of the four dockets; appointed counsel thereafter filed amended petitions. The PCRA court denied relief after an evidentiary hearing. Crippen filed a timely notice of appeal at each docket, which, as noted above, we consolidated *sua sponte*. He presents three claims.

> 1. Was [Crippen] entitled to post-conviction relief where trial counsel failed to call witnesses at trial?
>
> 2. Was [Crippen] entitled to post-conviction relief where he did not receive a transcript of a preliminary hearing?
>
> 3. Was [Crippen] entitled to post-conviction relief where trial counsel failed to object regarding an exhibit?

---

[2] His sentence became final on July 27, 2021, 90 days after his time for filing a petition for a writ of certiorari expired. **See** U.S. Supreme Court Rule 13; 42 Pa.C.S.A. § 9545(b)(3). Crippen filed his petition less than a year later and is therefore timely. 42 Pa.C.S.A. § 9545(b)(1).

- 5 -

Appellant's Brief, at 4.

Our review of an order dismissing a PCRA petition is limited to examining whether the PCRA court's determinations are supported by the record and the court's decision is free of legal error. **See Commonwealth v. Shaw**, 217 A.3d 265, 269 (Pa. Super. 2019). Crippen's issues all involve questions of law, to which we apply a *de novo* standard of review. **See Commonwealth v. Benner**, 147 A.3d 915, 919 (Pa. Super. 2016). Crippen's claims challenge trial counsel's stewardship.

"It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." **Id.** at 920 (citation omitted). To establish that counsel was constitutionally ineffective, Crippen must plead and prove that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

**Commonwealth v. Gibson**, 318 A.3d 927, 934 (Pa. Super. 2024) (citation omitted). "Prejudice in the context of ineffective assistance of counsel means demonstrating there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." **Commonwealth v. Solano**, 129 A.3d 1156, 1162 (Pa. 2015) (citation omitted).

Crippen's first claim alleges that trial counsel ineffectively failed to call Nadi Hatchett to support his defense that he was not "Mikey." Crippen pursued a related claim on direct appeal, which argued that the Commonwealth violated its obligation under **Brady v. Maryland**, 373 U.S. 83 (1963), to disclose exculpatory information. Specifically, on the second day of trial the prosecution turned over a police report that an officer had provided the assistant district attorney that morning. The report related that Crippen, following a preliminary arraignment on one of the four cases, insisted to the authoring police officer that someone else had delivered the drugs to the informant. Crippen told this officer that he knew the 570-980-3497 phone number belonged to Hatchett. The trial court concluded that the Commonwealth did not violate **Brady** because the information had been given by Crippen himself. "[T]he evidence was clearly available to [Crippen] as he is the individual who originally presented the name to police." Trial Court Opinion, 6/25/19, at 12.[3]

Crippen now argues that trial counsel ineffectively failed to call Hatchett to testify on his behalf that he owned the phone number used by the informant to arrange the sales because this would have reinforced his defense that he was not the culprit. Additionally, Crippen claimed that Hatchett owned one of the vehicles used to sell the drugs.

---

[3] Our direct appeal memorandum adopted the trial court opinion's resolution of this issue.

To prove counsel was ineffective for failing to call a witness, the petitioner must establish that

> (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial.

*Commonwealth v. Dennis*, 17 A.3d 297, 302 (Pa. 2011) (citation omitted).

Instantly, the PCRA court noted that "Hatchett did not testify at the PCRA hearing, because PCRA counsel could not locate him." PCO, 7/13/23, at 11. Although "Hatchett wrote a statement indicating … that Crippen never had a (570) phone number[,]" the court concluded that "it is unlikely that Hatchett would have testified" that he owned the cell phone or one of the vehicles used in the drug sales since that would potentially incriminate himself. *Id*. Finally, the court found, "even if Hatchett was the owner of the vehicle and the phone number, that does not necessarily mean that Crippen did not have possession of those items" and utilized them to sell drugs. *Id*.[4]

---

[4] The court concluded alternatively that the issue had been "previously litigated as a *Brady* violation and/or after-discovered evidence claims." PCO, 7/13/23, at 10. The court reasoned that, because Crippen's *Brady* claim rested on the premise that the Commonwealth had to disclose the information, he could not now show that counsel unreasonably failed to investigate Hatchett. We disagree with the PCRA court that the underlying claim was previously litigated. "[I]neffectiveness raises a distinct legal ground … . Ultimately, the claim may fail on the arguable merit or prejudice prong for the reasons discussed on direct appeal, but a Sixth Amendment claim raises a distinct issue for purposes of the PCRA and must be treated as such." *Commonwealth v. Collins*, 888 A.2d 564, 573 (Pa. 2005) (citation and footnote omitted).

We conclude that Crippen is not entitled to relief since he was required to present Hatchett as a witness and failed to do so. **See *Commonwealth v. Parker***, 249 A.3d 590, 595 (Pa. Super. 2021) ("[T]his Court may affirm a PCRA court's order on any legal basis" supported by the record) (citation omitted). "[C]ounsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense." ***Commonwealth v. Sneed***, 45 A.3d 1096, 1109 (Pa. 2012) (citation omitted). If a witness does not testify, the "record … is void of proof of the substance of his evidence. Therefore, we are unable to determine whether his testimony would have been favorable." ***Commonwealth v. Hentosh***, 554 A.2d 20, 25 (Pa. 1989). Thus, determining whether Hatchett would or would not have testified is premature. Because there is no testimony to evaluate, Crippen failed to establish prejudice.

We interpret Crippen's second issue as a claim that he is entitled to relief because his counsel failed to obtain a preliminary hearing transcript at one of these cases. The PCRA court stated that Crippen did not present any testimony or evidence on this issue, and the claim "fails as it is Crippen's burden to prove his claims." PCO, 7/13/23, at 13. The PCRA court also concluded that it was unlikely that a stenographer was present at the preliminary hearing.

On appeal, Crippen does not dispute that he failed to prove that a transcript exists. Instead, he claims that the Commonwealth may have had the proceedings recorded. Appellant's Brief, at 10 ("In fact, it is entirely

possible that the Commonwealth would have arranged to record the hearing."). Notably, Crippen does not allege any specific legal theory with respect his claim, *e.g.*, an allegation that trial counsel ineffectively failed to obtain and review the preliminary hearing transcript. His claim appears to be that we may presume prejudice. The entirety of his legal argument is this paragraph:

> A preliminary hearing is a critical event and may be a valuable tool for trial preparation. The failure to provide Mr. Crippen with the transcript … is a violation of both Article One, Section Nine of the Pennsylvania Constitution and the Sixth Amendment to the United States Constitution.

*Id*. at 11 (citation omitted). He maintains that the failure to provide a transcript, by itself, warrants a new trial.[5]

Crippen's failure to develop his claim and support it with citation to pertinent authorities justifies deeming the claim waived. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived") (citation omitted). In any event, Crippen's claim lacks merit because he cannot establish prejudice since

---

[5] Crippen claims that another judge promised Crippen that his attorney would supply the transcript to him. It is not clear how this purported promise is relevant to his legal argument, and he frames his claim in terms of the Sixth Amendment right to effective assistance of counsel, not a claim that he was personally entitled to the transcript. Due to our resolution of this issue on prejudice grounds, we need not address this component of Crippen's claim.

he has failed to show that a transcript exists, let alone that it contains anything helpful. Moreover, as Crippen did not present any testimony or evidence on this issue, we have no way of knowing whether the transcript from the preliminary hearing would have been helpful in preparing a defense.

Crippen is mistaken that prejudice is presumed if the attorney does not have the opportunity to review all transcripts. There are "certain, limited circumstances where prejudice is so likely that the cost of litigating the question of prejudice is unnecessary." **Commonwealth v. Diaz**, 226 A.3d 995, 1008 (Pa. 2020) (citing **United States v. Cronic**, 466 U.S. 648, 658 (1984)). While not directly on point, in **Commonwealth v. Lesko**, 15 A.3d 345, 412 (Pa. 2011), our Supreme Court refused to extend the **Cronic** presumption to a scenario where appellate counsel failed to obtain the *voir dire* transcripts. The Court held that the "failure to request and secure the transcripts from *voir dire* did not amount to a constructive denial of counsel on appeal." **Id**. at 412. By extension, the failure to obtain preliminary hearing transcripts does not result in a constructive denial of counsel at trial. Crippen's claim is thus a garden variety failure to investigate allegation, which requires proof of actual prejudice.

Moreover, our Supreme Court recently commented that this claim requires the petitioner to establish prejudice. In **Commonwealth v. Thomas**, --- A.3d ----, 2024 WL 4293349 (Pa. filed Sept. 26, 2024), Thomas alleged that trial counsel "was ineffective for failing to obtain a transcript of his

preliminary hearing prior to trial." *Id*. at *8 (record citation omitted). The Court stated that "Thomas fail[ed] to allege how trial counsel's failure to obtain this transcript impacted the development of his defense or how it caused him prejudice." *Id*. (footnote omitted). Like Crippen here, Thomas made "no attempt to establish that there is a reasonable probability that this would have led to a different outcome at trial, and so he has failed to establish that the failure to obtain this transcript caused him prejudice." *Id.*

Crippen's third and final claim pertains to counsel's alleged failure to object to the introduction of photographs of prerecorded buy money utilized by the Commonwealth to establish that those bills were used to purchase the drugs sold by Crippen. The PCRA court concluded that trial counsel lacked any basis to object because only one photograph was introduced. In its Opinion and Order dated July 12, 2023, the trial court wrote:

> 4. Was trial counsel ineffective for failing to object to two exhibits of the controlled buy money being the same photographs
>
> This claim also lacks merit. Although multiple photographs of currency may have been exchanged in discovery, only one photograph of currency was introduced at trial — Commonwealth's Exhibit 4 — which was the money utilized in the December 6, 2016 transaction (the "second" controlled buy) in case 480-2017 and was recovered by Trooper Dammer as a result of the traffic stop in case 161-2017. *See* Trial Transcript, 01/31/2019, at 39-40. There were numerous other exhibits introduced at trial, including other photographs such as photographs of the packets of drugs Crippen delivered to Day and Miller and a photograph of Crippen at the rear of the gold Honda CRV, but there were no other photographs of money introduced at trial. Since only one photograph of money was introduced at Crippen's trial, trial counsel could not be ineffective for failing to object to two exhibits being the same money.

- 12 -

> Footnote 3 - Commonwealth's Exhibit 4 was admitted into evidence. See Trial Transcript, 02/01/2019, at 52,

PCO, 7/13/23 at 14-15 (emphasis and footnote omitted).

Crippen asserts that this conclusion misconstrued his argument and is not supported by the record because, at trial, the Commonwealth introduced an exhibit that "was a copy of prerecorded buy money with serial numbers exposed." Appellant's Brief, at 12 (citing N.T., 1/31/19, at 39-40). Crippen states his PCRA claim was that counsel was ineffective for not objecting when the Commonwealth used the same exhibit to authenticate two separate transactions. **See id.**

However, Crippen does not explain how the purported error prejudiced him. In context, the PCRA court seems to agree with Crippen that the Commonwealth apparently made a mistake by introducing only one photograph. However, the PCRA court concludes that Crippen did not establish that the failure to object was prejudicial due to other evidence linking him to the crime. **See** PCO, 7/13/23, at 15 ("There were numerous other exhibits introduced at trial, including other photographs such as photographs of the packets of drugs Crippen delivered … and a photograph of Crippen at the rear of the gold Honda CRV, but there were no other photographs of money introduced at trial.").

We agree that the apparent error by the Commonwealth did not prejudice Crippen. The key issue in this case was whether the witness'

identification was accurate, and Crippen has "failed to show a reasonable probability that the outcome of the trial would have been different had trial counsel objected" to the second photograph. **_Commonwealth v. Hutchinson_**, 811 A.2d 556, 562 (Pa. 2002). Crippen's third ineffectiveness claim fails.[6]

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/29/2024

---

[6] To the extent that the PCRA court did not resolve this claim on prejudice grounds, we affirm on that alternative basis. **_See Parker_**, 249 A.3d at 595.