**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN HUDSON | : | |
| | : | |
| Appellant | : | No. 1991 EDA 2024 |

Appeal from the PCRA Order Entered June 28, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002494-2020

BEFORE: MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                               **FILED MAY 30, 2025**

Appellant, Justin Hudson, appeals from the order entered in the Philadelphia County Court of Common Pleas, denying his timely first petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this matter are as follows. On March 11, 2022, following a bench trial, the court convicted Appellant of involuntary deviate sexual intercourse ("IDSI"), statutory sexual assault, unlawful contact with a minor, sexual assault, endangering the welfare of a child, corrupting the morals of a minor, and indecent exposure, related to the sexual abuse of his minor niece, whom he was babysitting.

On September 30, 2022, the court sentenced Appellant to 8 to 16 years of incarceration, plus 7 years' probation. This Court affirmed Appellant's

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

judgment of sentence on July 26, 2023. *Commonwealth v. Hudson*, No. 2656 EDA 2022 (Pa.Super. filed July 26, 2023). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On October 27, 2023, Appellant filed a timely first PCRA petition, arguing that his trial counsel was ineffective for failing to file a post-sentence motion preserving a challenge to the weight of the evidence. On May 24, 2024, the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing. The PCRA court formally dismissed the petition on June 28, 2024.

On July 29, 2024, Appellant timely filed a notice of appeal. On August 7, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant timely complied on August 14, 2024.

On appeal, Appellant raises the following issue for our review:

> 1. Whether Appellant was denied his Sixth Amendment right to effective assistance of counsel, where his appellate counsel failed to file a post sentence motion and argue that Appellant's conviction for involuntary deviate sexual intercourse, statutory sexual assault, unlawful contact with a minor, and indecent exposure was against the weight of the evidence, where there was no probative DNA evidence corroborating the victim's allegations of sexual assault, and the testimony of the complainant was replete with inconsistencies and falsehoods?

(Appellant's Brief at 5).

"Our standard of review of [an] order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA

court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Parker***, 249 A.3d 590, 594 (Pa.Super. 2021) (quoting ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa.Super. 2013)). "The PCRA court's factual findings are binding if the record supports them, and we review the court's legal conclusions *de novo*." ***Commonwealth v. Prater***, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A.3d 386 (2021).

Appellant's sole issue on appeal concerns the effective assistance of counsel. Appellant contends that the verdicts were against the weight of the evidence, because no evidence of any male DNA was found on the clothing or body of the complainant. Further, Appellant argues that the complainant's statements to police were inconsistent. Appellant asserts that the complainant's statements were so inconsistent that there was no evidence, physical or testimonial, to sustain his convictions, rendering the verdicts so contrary to the evidence as to shock one's sense of justice. As a result, Appellant insists that counsel's failure to preserve this claim for appeal prejudiced him. Appellant concludes that the court erred in denying his PCRA petition, and this Court must grant relief. We disagree.

"Counsel is presumed to have rendered effective assistance." ***Commonwealth v. Hopkins***, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, 663 Pa. 418, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances

- 3 -

of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has forgone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.]" *Commonwealth v. Smith*, 167 A.3d 782, 788 (Pa.Super. 2017), *appeal denied*, 645 Pa. 175, 179 A.3d 6 (2018) (quoting *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994)). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004) (quoting *Commonwealth v. Geathers*, 847 A.2d 730, 733 (Pa.Super. 2004)).

"Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests." *Commonwealth v. Kelley*, 136 A.3d 1007, 1012 (Pa.Super. 2016) (quoting *Pierce, supra* at 524, 645 A.2d at 194-95).

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the

> alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

*Commonwealth v. King*, 259 A.3d 511, 520 (Pa.Super. 2021) (quoting *Sandusky, supra* at 1043-44).

"To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. [A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Commonwealth v. Spotz*, 624 Pa. 4, 33-34, 84 A.3d 294, 312 (2014) (internal citations and quotation marks omitted). "[A] criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Hopkins, supra* at 876 (quoting *Commonwealth v. Chambers*, 570 Pa. 3, 33, 807 A.2d 872, 883 (2002)).

Further, with respect to challenges to the weight of the evidence:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the .... verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> *Commonwealth v. Small*, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999).

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.3d 403, 408

(2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004)

(most internal citations omitted).

Instantly, the PCRA court observed:

At trial, the prosecution presented six witnesses. The 8-year-old victim,[2] [K.J.], testified in detail that [Appellant] took her upstairs, pulled down her pants, and licked her vulva. [K.J.'s] testimony was substantially corroborated by other testimony, including that of her sister, whom [K.J.] promptly reported to, and her mother, who testified that her daughters told her what happened and that she immediately took them to the police. The Commonwealth also presented testimony from a police officer who said [Appellant] resisted arrest and attempted to flee when questioned, and a forensic interview of [K.J.] that was consistent with her other accounts.

Though [Appellant] points to minor inconsistencies in [K.J.'s] testimony, such as her confusion over details like whether she went to the store after the assault, and the lack of male DNA evidence, which the forensic scientist could not definitively rule out as evidence of misconduct, the [c]ourt sitting as the finder of fact is free to give less weight to or ignore these issues.

Therefore, because [Appellant's] guilty verdict was based on substantial and consistent testimony corroborated by multiple witnesses and it does not shock the [c]ourt's sense of justice, the verdict is not against the weight of the evidence.

Because the verdict was not against the weight of the evidence, it cannot be said (1) that the issue underlying [Appellant's ineffectiveness] claim has arguable merit, (2) that counsel's actions lacked a reasonable basis, and (3) that actual prejudice resulted from counsel's failure to act.

_____

2 K.J. was six years old at the time of the incident. (**See** N.T. Trial, 3/11/22, at 52).

(PCRA Court Opinion, 11/19/24, at 3-4) (internal citations omitted).  The record supports the court's analysis.  As the PCRA court observed, despite minor inconsistencies in K.J.'s statements, her statements were corroborated by other testimony.  (**See** N.T. Trial, 3/11/22, at 10-19, 15-17, 33-38, 45-46, 53, 56).  Thus, the record supports the court's determination that the verdicts were not against the weight of the evidence.  **See Champney, supra**; **Parker, supra**.  Trial counsel cannot be found ineffective for failing to raise a meritless claim.  **See Poplawski, supra**.  Therefore, the court did not err in denying PCRA relief.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/30/2025